[Cite as *In re A.C.*, 2012-Ohio-5916.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

IN RE: A.C.                           :

                                         :      C.A. CASE NO. 25233

                                         :      T.C. CASE NO. C 2011-1079

                                         :      (Appeal from the Common
                                                    Pleas Court - Juvenile
                                         :      Division)

. . . . . . . . .

**O P I N I O N**

Rendered on the 14th day of December, 2012.

. . . . . . . . .

Jeffrey A. Rezabek, Atty. Reg. No. 0069117, 111 West First Street, Suite 519, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellant G.C.

Mathias H. Heck, Jr., Prosecuting Attorney, by Michele D. Phipps, Assistant Prosecuting Attorney, Atty. Reg. No. 0069829, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Defendant-Appellee State of Ohio

. . . . . . . . .

GRADY, P.J.:

{¶ 1}   This appeal is brought by G.C., the father of A.C., from a judgment by the juvenile court that granted temporary custody of A.C. to Montgomery County Children's Services (MCCS).

{¶ 2}   In February 2011, MCCS filed an abuse and dependency complaint after A.C. reported to school officials that G.C., her adoptive father, had physically abused her.

{¶ 3}   Although the court found that the State failed to prove by clear and convincing evidence that A.C. was an abused child, the court found that the State did prove that she is a dependent child.  A.C. was almost 16 years of age at the time of the adjudicating hearing. Additionally, the court found that it was in A.C.'s best interest to be placed in the temporary custody of MCCS.   The court made the following findings:

(1) the Agency has made reasonable efforts to prevent the removal of the child from the child's home, to eliminate the continued removal of the child from the child's home, or to make it possible for the child to return home; (2) the relevant services provided by the Agency to the family of the child are : case management, substitute foster care and information referral; (3) those services did not prevent the removal of the child from the child's home or enable the child to return home because the father has been unable to demonstrate parenting skills; (4) a relative or non relative is not willing, able and suitable for the care of the child; (5) there is reasonable cause to believe that the child will be reunified with [the parent] * * *.

{¶ 4}    The court found that A.C. was doing well in foster care, and that her needs were being met in that home.   She resumed counseling and completed the school year without problems.

{¶ 5} Additionally, the court conducted an in camera interview with A.C., finding that A.C. "was very clear with the Court that she does not want to return to her adoptive father's home." A.C. explained that she did not feel bonded to G.C., who had adopted her in 2010. She did not feel welcome in his home, feeling like a babysitter for her younger siblings, whom G.C. also adopted.

{¶ 6} For the same reasons, A.C. did not want to visit with G.C. In fact, A.C. repeatedly expressed the same sentiments to the MCCS case workers and to her guardian ad litem (GAL).

{¶ 7} A.C.'s GAL filed two reports and recommendations with the trial court. On neither occasion did the GAL recommend that A.C. return to her father's custody. Furthermore, neither the GAL nor A.C.'s therapist recommended visitation between A.C. and G.C.

{¶ 8} The primary objectives of the case plan were for G.C. to obtain both a parenting assessment and an anger management assessment. However, G.C. refused to comply with either portion of the case plan because he believed that the assessments were not necessary.

{¶ 9} G.C. filed objections to the magistrate's decision. The trial court overruled those objections and adopted the magistrate's decision. G.C. appeals, raising one assignment of error.

{¶ 10} G.C.'s assignment of error:

"THE COURT'S FINDINGS AND DECISION ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND AMOUNT TO AN ABUSE OF DISCRETION."

{¶ 11} If a child is adjudicated an abused, neglected, or dependent child, the court may commit the child to the temporary custody of a public children's services agency, a private child placement agency, either parent, another relative, a probation officer for placement in a certified foster home, or in any other home approved by the court. R.C. 2151.353(A)(2). In choosing among those alternatives, the best interest of the child is the court's primary consideration. *In re S.M., C.M., & D.M.,* 2d Dist. Montgomery No. 24539, 2011-Ohio-6710, ¶ 3.

{¶ 12} While an award of temporary custody to a children's services agency must be supported by the preponderance of the evidence, "a court has substantial discretion in weighing the considerations involved in making the determination regarding a child's best interest." *Id.* at ¶ 4. *Accord, In re Willmann,* 24 Ohio App.3d 191, 198, 493 N.E.2d 1380 (1st Dist. 1986). An "[a]buse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87, 482 N.E.2d 1248, 1252 (1985). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

{¶ 13} A review of this record reveals substantial, competent, credible evidence that supports the trial court's "best interest of the child" finding. The trial court relied in part on A.C.'s adamant stance that she neither wanted to visit with, nor return to the custody of, her adoptive father. Moreover, neither A.C.'s therapist nor her GAL recommended a return of A.C. to her adoptive father's custody at that time. The court considered G.C.'s failure to make any progress on the case plan after his refusal to obtain either a parenting assessment or

an anger management assessment. In light of these factors, we conclude that the trial court did not abuse its discretion in awarding temporary custody of A.C. to MCCS.

{¶ 14} G.C.'s sole assignment of error is overruled. The judgment of the trial court will be affirmed.

Donovan, J., and Froelich, J., concur.

Copies mailed to:

Jeffrey S. Rezabek, Esq.
Michele D. Phipps, Esq.
Hon. Anthony Capizzi